**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| ELISEO SOLIS HARO, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. CIV 12-612-TUC-CKJ ) |
| CHARLES L. RYAN, JR., et al., | ) **ORDER** ) ) |
| Defendants. | ) ) |

Pending before the Court are the Objection to Court Order Denying Motion to Appoint Counsel (Doc. 49), the Motion to Proceed with Summary Judgment as Timely (Doc. 43), the Motion for Extension of Time to File Response (Doc. 53), the Motion for Status (Doc. 57) filed by Plaintiff Eliseo Solis Haro ("Solis"). Also pending before the Court are the Motion to Strike (Doc. 51) and the Motion to Accept Late Filing (Doc. 60) filed by Defendant Rascon.[1]

---

[1] Also pending before the Court are the Motion for Summary Judgment (Doc. 42) filed by Solis, the Motion to Compel Discovery (Doc. 52), and the Motion to Exceed Page Limit (Doc. 62) filed by Solis, and the Motion for Summary Judgment (Doc. 45) and another Motion to Strike (Doc. 55) filed by Rascon. The Court will address those motions in a separate order.

1  *Objection to Court Order Denying Motion to Appoint Counsel* (Doc. 49)

2        The Court accepts this document as a Motion for Reconsideration. The Court has 3 discretion to reconsider and vacate an order. *Barber v. Hawaii*, 42 F.3d 1185, 1198 (9th Cir. 4 1994); *United States v. Nutri-cology, Inc.*, 982 F.2d 394, 396 (9th Cir. 1992). "The purpose 5 of a motion for reconsideration is to correct manifest errors of law or fact or to present newly 6 discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3rd Cir. 1985), *cert.* 7 *denied,* 476 U.S. 1171 (1986). However, motions for reconsideration are disfavored. *See* 8 *generally Northwest Acceptance Corp. v. Lynnwood Equipment, Inc.*, 841 F.2d 918, 925-26 9 (9th Cir. 1988). Indeed, a motion for reconsideration is not to be used to ask a court "to 10 rethink what the court had already thought through – rightly or wrongly." *Above the Belt,* 11 *Inc. v. Mel Bohanan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D.Va. 1983) (limiting motions for 12 reconsideration to cases where the court has patently misunderstood a party, where the court 13 has made a decision outside the adversarial issues presented to the court, where the court has 14 made an error not of reasoning but of apprehension, or where there has been a controlling or 15 significant change in the law or facts since the submission of the issue to the court); *see also* 16 *United States v. Rezzonico*, 32 F.Supp.2d 1112, 1116 (D.Ariz. 1998).

17        Solis states that he understands the decision was within the Court's discretion, but 18 objects to the material facts considered by the Court in issuing its decision. Solis asserts, 19 contrary to the Court's statement, that he did make efforts to obtain an attorney without the 20 Court's assistance and cites to a prior Motion to Appoint Counsel (Doc. 3). Solis also asserts 21 the Court did not adequately consider his difficulties in obtaining discovery and responding 22 to discovery requests. For example, Solis asserts he is restricted from receiving some 23 documents based on his status as a prisoner. Similarly, Solis also asserts the Court did not 24 adequately consider his difficulties based on limited access to legal materials.

25        The Court did not review Solis's prior Motion to Appoint Counsel (Doc. 3) when 26 issuing its ruling on the subsequent Motion to Appoint Counsel (Doc. 31). However, the 27 Court disagrees with Solis's assertions that the Court did not adequately consider his 28 difficulties in obtaining discovery and responding to discovery requests or his difficulties

- 2 -

1 based on limited access to legal materials. Solis has presented discovery and other legal
2 issues to the Court and has submitted a Motion for Summary Judgment. Although Solis
3 independently sought the assistance of counsel, this factor does not warrant the Court seeking
4 the assistance of counsel for Solis at this time. *See Richards v. Harper*, 864 F.2d 85, 87 (9th
5 Cir. 1988); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997); *Jackson v. Dallas Police*
6 *Dept.*, 811 F.2d 260 (5th Cir. 1986). The Court finds Solis has not pointed to any manifest
7 errors of law or fact or presented any newly discovered evidence warranting reconsideration
8 at this time of the Order denying the Motion to Appoint Counsel.

10 *Motion to Proceed with Summary Judgment as Timely* (Doc. 43)

11 On April 24, 2013, this Court ordered dispositive motions to be filed by December 2,
12 2013. On November 27, 2013, this Court, granted Rascon's request to extend time and
13 ordered Rascon could have up to and including December 12, 2013, to file his Motion for
14 Summary Judgment. On December 9, 2013, Solis filed a Motion for Summary Judgment and
15 a Motion to Proceed with Summary Judgment as Timely; these documents each include a
16 Certificate of Service that the documents were sent for filing on December 4, 2013.

17 Solis requests the Court accept his Motion for Summary Judgment as timely. Solis
18 asserts he was delayed in preparation of his Motion for Summary Judgment by the policies
19 of the prison facility – for example. limited access to the law library, needed approval for
20 copies. Additionally, Solis-Hara asserts he acted in good faith to meet the scheduled
21 deadline. Rascon has filed a response stating he does not oppose Solis's motion. The Court
22 will grant the request. *See* Fed.R.Civ.P. 6(b)(1) (where extension request is made after time
23 has expired, extension may be granted with finding of excusable neglect; *Pincay v. Andrews*,
24 389 F.3d 853, 855-56 (9th Cir. 2004) (four factors to be considered in determining if
25 excusable neglect exists: "(1) the danger of prejudice to the non-moving party, (2) the length
26 of delay and its potential impact on judicial proceedings, (3) the reason for the delay,
27 including whether it was within the reasonable control of the movant, and (4) whether the
28 moving party's conduct was in good faith.").

1 *Motion to Strike* (Doc. 51)

2       Rascon requests the Court strike Solis's Motion for Summary Judgment (Doc. 42) for
3 failure to comply with LRCiv 56.1 and the submission of documents that are not affidavits,
4 declarations, discovery responses, transcripts, or similar admissible portions of the record.
5 Rascon asserts the non-compliance makes it unduly burdensome, if not impossible for
6 Rascon to ascertain undisputed facts upon which Soliss's Motion relies, the support for them
7 in the record, and their connection to applicable legal authority.

8       Solis requests the Court to accept his pleading in light of the difficulties in proceeding
9 as a prisoner *pro se* and because *pro se* pleadings are to be construed liberally. Further, Solis
10 asserts he has included admissible evidence and that he has sought in good faith to present
11 the evidence to the Court.

12       *Pro se* pleadings are liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972);
13 *Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003) ([c]ourts have a duty
14 to construe pro se pleadings liberally, including pro se motions). Indeed, courts should
15 construe liberally motion papers and pleadings filed by pro se inmates and should avoid
16 applying summary judgment rules strictly. *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir.
17 2010); *see also Frost v. Symington*, 197 F.3d 348, 352 (9th Cir.1999). Further, this Court has
18 "broad discretion in interpreting and applying their local rules." *Delange v. Dutra Constr.*
19 *Co., Inc.*, 183 F.3d 916, 919 (9th Cir.1999) (quoting *Miranda v. S. Pac. Transp.*, 710 F.2d
20 516, 521 (9th Cir.1983)).

21       Although Solis has not complied with the local rule, the Court does not find it
22 appropriate to elevate form over substance and strictly enforce LRCiv 56 in this instance.
23 The Court will deny the request.

24

25 *Rascon's Motion to Accept Late Filing* (Doc. 60)

26       Rascon has requested the Court accept its response to Solis's Motion for Extension
27 of Time and has lodged his proposed response. Although Rascon's response was due on
28 Friday, January 24, 2014, Rascon was unable to file the response on that date due to a

1  nationwide electronic filing system shutdown. The Court will accept Rascon's late filing and
2  will direct the Clerk of Court to docket Rascon's response (Doc. 61).

4  *Motion for Extension of Time to File Response* (Doc. 53)
5      Solis requests a 30 day extension of the deadline for filing a response to Rascon's
6  Motion for Summary Judgment. Rascon's lodged response indicates he does not object to
7  this request. The Court will grant this request.
8      Solis also requests additional time to respond to Rascon's discovery request. Rascon
9  objects to this request. The Court will defer ruling on this request until Solis has had an
10 opportunity to file a reply.

12 *Motion for Status* (Doc. 57)
13     Solis requests he be informed of his pending Motion for Extension of Time. The
14 Court having addressed the Motion in this Order, the Court will deny this request as moot.

16     Accordingly, IT IS ORDERED:
17     1.    The Objection to Court Order Denying Motion to Appoint Counsel (Doc. 49)
18         is treated as a Motion for Reconsideration and is DENIED.
19     2.    The Motion to Proceed with Summary Judgment as Timely (Doc. 43) is
20         GRANTED. Rascon shall file his response to the Motion for Summary
21         Judgment within 33 days of the date of this Order; Solis shall file any reply
22         within 17 days of the filing of the response.
23     3.    The Motion to Strike (Doc. 51) is DENIED.
24     4.    The Motion for Extension of Time to File Response (Doc. 53) is GRANTED
25         IN PART.
26     5.    The Motion for Status (Doc. 57) is DENIED AS MOOT.

1  6. The Motion to Accept Late Filing (Doc. 60) is GRANTED. The Clerk of
2  Court shall docket the lodged response (Doc. 61).
3  DATED this 29th day of January, 2014.

*Cindy K. Jorgenson*
Cindy K. Jorgenson
United States District Judge